# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LEVELL E. MITCHELL,

    *Plaintiff,*

vs.

COMPASS GROUP USA, INC.,

    *Defendant.*

Case No. 12-2250-EFM

## MEMORANDUM AND ORDER

Plaintiff Levell E. Mitchell ("Mitchell") brings claims against his former employer for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA")[1] and Title VII of the Civil Rights Act of 1974.[2] Mitchell alleges that Defendant, Compass Group USA, Inc. ("Compass"), terminated his employment because of his disability. Mitchell further alleges that his complaint to a supervisor of sexual harassment incited Compass to terminate his employment. Compass now moves for dismissal of Mitchell's disability discrimination claim for lack of subject matter jurisdiction. Compass also moves for summary judgment on Mitchell's retaliation claim. For the reasons stated below, the Court grants both of Defendant's motions.

---

[1] 42 U.S.C. § 12101 *et seq.*

[2] 42 U.S.C. § 2000e *et seq.*

## I. Factual and Procedural Background[3]

Mitchell began working for Compass, a foodservice provider, as a "prep cook" in June 2008 at the Zurich Insurance facility in Overland Park, Kansas. In July 2010, Compass promoted Mitchell to "grill cook" at the Zurich site. On September 1, 2010, Mitchell ran out of potatoes fifteen minutes before the cafeteria breakfast line closed. Philippe Lechevin, Mitchell's supervisor, asked Mitchell why he ran out of potatoes and instructed Mitchell that he should not run out of potatoes before the breakfast line closed. Mitchell responded that he had run out of customers, not potatoes.

Lechevin told Mitchell that he was being insubordinate and that Lechevin would write Mitchell up. Mitchell countered that if Lechevin wrote him up, he would inform Lechevin's supervisor of Lechevin's poor performance and of the "cat calls" that Lechevin made to a female co-worker, Mercedes Rubio. Later that day, Brett Downing, Compass's District Manager, came to the Zurich site and informed Mitchell that Lechevin had an insubordination write-up for Mitchell to sign. Mitchell reported to Downing that Lechevin was performing poorly and that Lechevin made "cat calls" to Rubio. Mitchell further described that Lechevin called Rubio "hot mama," and that Lechevin and Rubio gave each other prolonged attention. But Mitchell explained that the circumstances did not seem to bother Rubio because she benefitted professionally. Downing suspended Mitchell to investigate further, and Compass terminated Mitchell the next day for insubordination.

On September 29, 2010, Mitchell filed a charge of discrimination with the EEOC and the Kansas Human Rights Commission ("KHRC"). In the charge, Mitchell marked boxes next to

---

[3] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

"Race," "Retaliation," and "Sex" discrimination. In the narrative portion of his charge, Mitchell states, "I believe I was suspended and discharged because of my race, black, sex, male, and for reporting sexual harassment."[4] In January 2011, the KHRC received Mitchell's administrative complaint, in which Mitchell alleged, "I was suspended and terminated due to my race, African American, my sex, male, and as acts of retaliation for having openly opposed acts and practices forbidden by the Kansas Act Against Discrimination."[5]

Mitchell alleges that he received a "Notice of Right to Sue" and accordingly filed this action, proceeding *pro se*, seeking to recover on claims of disability discrimination and retaliation. Compass now moves for dismissal of Mitchell's disability discrimination claim and summary judgment on Mitchell's retaliation claim.

## II. Legal Standards

### A. Dismissal for Lack of Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of any claim when the court lacks subject matter jurisdiction.[6] Federal courts are courts of limited jurisdiction.[7] A federal court cannot obtain jurisdiction over a suit brought under Title VII or the ADA unless the plaintiff first exhausts administrative remedies for each discrete discriminatory and retaliatory act.[8] If the plaintiff does attempt to obtain administrative relief by first filing a complaint with the EEOC, the court's jurisdiction is limited to issues that are

---

[4] Charge of Discrimination, Def.'s Ex. 2, Doc. 43-2.

[5] KHRC Complaint, Def.'s Ex. 3, Doc. 43-3, at 2.

[6] Fed. R. Civ. P. 12(b)(1).

[7] *U.S. ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).

[8] *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) (Title VII); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005) (ADA).

reasonably expected to arise from the claims filed with the EEOC.[9] The burden of proof is on the plaintiff to allege sufficient facts that he or she exhausted the applicable administrative remedies.[10]

**B. Summary Judgment**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[11] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[12] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[13] The nonmovant must then bring forth specific facts showing a genuine issue for trial.[14] These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.[15] The court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.[16]

---

[9] *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

[10] *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[11] Fed. R. Civ. P. 56(a).

[12] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[13] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[14] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[15] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[16] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### C. Pro se Litigants

The Court must take additional precautions before ruling on a dispositive motion against a *pro s*e litigant.[17] "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, "it is not the proper function the district court to assume the role of advocate for the *pro se* litigant."[19] Even a *pro se* litigant is not excused from its burden of presenting specific evidence to support its claims.[20]

### III. Analysis

### A. Mitchell's Disability Discrimination Claim

Compass argues that this Court lacks jurisdiction over Mitchell's disability discrimination claim because Mitchell did not exhaust the pertinent administrative remedies. Requiring a claimant to exhaust administrative remedies serves the dual purposes of providing the charged party with notice and ensuring that the administrative agency has the opportunity to investigate and resolve the claims.[21] Accordingly, a plaintiff normally may not bring an action based upon claims that were not part of a timely-filed EEOC charge.[22] Failing to allege a particular claim in an initial EEOC charge may preclude a plaintiff from pursuing that claim in federal court for

---

[17] *See Murdock v. City of Wichita, Kan.*, 2012 WL 4210471 *5 (D. Kan. Sept. 18, 2012) (discussing summary judgment standards concerning a *pro se* litigant's claim); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994) (same, regarding motions to dismiss).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Id.*

[20] *Canady v. Gen. Motors Corp.*, 368 F. Supp. 2d 1151, 1556 (D. Kan. 2004).

[21] *Rader v. U.S.D. 259 Wichita Pub. Sch.*, 844 F. Supp. 2d 1206, 1210 (D. Kan. 2011).

[22] *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (citation omitted).

failure to exhaust administrative remedies.[23] Because Mitchell has presented no evidence indicating that he pursued such a claim with the EEOC or KHRC, this Court finds that it lacks subject matter jurisdiction to hear Mitchell's disability discrimination claim.

Mitchell's disability discrimination claim is unexhausted because neither his initial charge nor his administrative complaint alleges any facts that would give notice to Compass or lead the EEOC or KHRC to investigate and resolve a disability discrimination claim. In an initial charge, failing to mark boxes for particular allegations creates a presumption against the claims represented by the unchecked boxes.[24] Here, Mitchell left the box next to "Disability" blank in his discrimination charge to the EEOC and KHRC. This creates the presumption that Mitchell was not asserting a disability discrimination claim.[25] However, this presumption can be rebutted by a clear explication of the claim in the narrative portion of the charge.[26] But Mitchell fails to allege any facts to rebut the presumption against his disability discrimination claim. Mitchell only describes discrimination on the basis of his race, sex, and retaliation. Nowhere in the initial charge does Mitchell mention any disability. Additionally, in Mitchell's administrative complaint, Mitchell does not mention a disability claim, further evidencing that he did not pursue administrative remedies regarding a disability discrimination claim.

Because Mitchell did not include his disability discrimination claim in his timely-filed EEOC charge and has presented no evidence indicating that he pursued such a claim with either

---

[23] *See Rader*, 844 F. Supp. 2d at 1210-11 (D. Kan. 2011) (dismissing plaintiff's discrimination claim on the basis of national origin because nothing in plaintiff's initial charge indicated national origin as the basis of a claim); *see also Kear v. Kohl's Dep't Stores, Inc.*, 2013 WL 424881 *3-4 (D. Kan. Feb. 4, 2013) (same, regarding a retaliation claim).

[24] *Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998).

[25] *See Kear*, 2013 WL 424881 at *3.

[26] *Gunnell*, 152 F.3d at 1260.

the EEOC or KHRC, Mitchell's disability discrimination claim is unexhausted. Accordingly, this Court lacks jurisdiction over Mitchell's disability discrimination claim and must dismiss it pursuant to Fed. R. Civ. P. 12(b)(1).

**B. Mitchell's Retaliation Claim**

Mitchell alleges that Compass violated anti-retaliation provisions under Title VII[27] when it terminated his employment after Mitchell complained of sex discrimination arising out of Lechevin's treatment of Rubio. When a plaintiff alleges retaliation but does not produce any direct evidence of discrimination, as here, the Court applies the *McDonnell Douglas* burden-shifting analysis.[28] Under this framework, if the plaintiff can make a prima facie showing of retaliation, the defendant must come forward with a legitimate, non-retaliatory reason for its actions.[29] If the defendant can do so, the burden returns to the plaintiff to show that the defendant's stated reasons are a pretext for retaliatory intent.[30] To make a prima facie showing of retaliation, Mitchell must demonstrate that (1) he engaged in protected activity; (2) Compass took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action.[31]

Mitchell cannot make a prima facie showing of retaliation because he presents no evidence that he engaged in protected activity. Protected activity must oppose discrimination

---

[27] The relevant portion of Title VII concerning retaliation provides, "[i]t shall be an unlawful employment practice for an employer to discriminate against any employees . . . because he has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).

[28] 411 U.S. 792, 802-05 (1973); *see Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006) (applying the *McDonnell Douglas* analysis to a Title VII retaliation claim).

[29] *Antonio*, 458 F.3d at 1181.

[30] *Id.*

[31] *Fischer v. Forestwood Co.*, 525 F.3d 972, 979 (10th Cir. 2008).

prohibited by Title VII—not merely complain of personal grievances.[32] The Tenth Circuit has held that complaints of preferential treatment resulting from a consensual, romantic relationship between a supervisor and employee do not constitute protected activity under Title VII.[33] Because Mitchell states that Rubio was not bothered by—but rather, took advantage of—Lechevin's remarks and prolonged attention, Mitchell's complaint to Downing described what Mitchell perceived to be a consensual, romantic relationship. Reporting favoritism that stems from a consensual, romantic relationship between a supervisor and a fellow employee is not protected activity.[34] Therefore, Mitchell's report to Downing of Lechevin's favoritism shown to Rubio based upon a perceived consensual, romantic relationship does not qualify as protected activity. Because Mitchell has not produced any other evidence showing that he engaged in protected activity, he cannot make a prima facie showing of retaliation. Mitchell's conclusory allegations that he "engaged in a protected activity,"[35] and consequently, Compass "terminated [him] wrongfully"[36] cannot withstand summary judgment. Accordingly, summary judgment is appropriate on Mitchell's retaliation claim.

---

[32] *Wirtz v. Kansas Farm Bureau Servs., Inc.*, 274 F. Supp. 2d 1198, 1212 (D. Kan. 2003).

[33] *Taken v. Oklahoma Corp. Comm'n*, 125 F.3d 1366, 1370 (10th Cir. 1997).

[34] *Anderson v. Okla. State Univ. Bd. of Regents*, 342 F. App'x 365, 368 (10th Cir. 2009).

[35] Pl.'s Resp. to Def.'s Mot. for Summ. J., Doc. 44, at 1.

[36] *Id.* at 4.

**IT IS ACCORDINGLY ORDERED** this 11th day of July, 2013, that Defendant's Motion for Summary Judgment (Doc. 42) is hereby GRANTED.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE